73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mary A. DAVIS, Plaintiff-Appellant,
v.
CRITERION CASUALTY COMPANY, Defendant-Appellee.
 No. 94-36141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 7, 1995.*
Decided Dec. 22, 1995.
 
 Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Mary Davis' ("Davis") automobile insurance policy with Criterion Casualty Co. ("Criterion") was canceled on December 22, 1992, when Davis failed to make a premium payment. Upon subsequently purchasing a new car, Davis went to Criterion on January 12, 1993 to reinstate her policy. She paid the initial premium for the new policy by check, which was deposited by Criterion on January 13, 1993. On January 20, Criterion sent Davis a welcome letter and information about her policy (which, the letter stated, was effective January 13).
 
 
 3
 On January 28, 1993, an uninsured driver hit Davis. Her policy covered, inter alia, injuries caused by uninsured motorists. She thus filed a claim under the policy the day after the accident. On the same day as the accident, however, Criterion had received notice that Davis' check would not be honored by her bank. On February 3, Criterion mailed Davis a notice of cancellation of her policy ab initio. Criterion returned Davis' check and refused to pay her claim. Davis subsequently sued Criterion in state court to recover the proceeds of her uninsured motorist coverage. Criterion removed the case to federal district court based on diversity of citizenship. Subsequently, both parties filed motions for summary judgment.
 
 
 4
 Criterion argued that because Davis' initial policy had not been immediately reinstated, the second, disputed policy was not a "renewal" of the initial policy under Alaska law. See Alaska Stat. Sec. 21.36.310(5). Instead, Criterion argued, the second policy was a new one. The district court agreed, and Davis does not dispute this conclusion. Criterion then argued that it had a right to rescind the new policy because Davis's check had been dishonored. The district court granted summary judgment for Criterion, "concluding that no Alaska statute precluded the common law right of rescission under the facts of this case, and that if the issue were presented to it, the Alaska Supreme Court would find that the policy in this case was properly rescinded and as such was void ab initio." Davis appeals the district court's grant of summary judgment for Criterion. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the grant of summary judgment de novo, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we reverse.
 
 DISCUSSION
 
 5
 We do not agree with the district court's conclusion, that Criterion had a common-law right of rescission on the facts of this case. Criterion cites three cases where insurers were allowed to rescind their respective policies, notwithstanding contrary statutory limitations: See Ferrell v. Columbia Mut. Casualty Co., 816 S.W.2d 593 (Ark.1991); Klopp v. Keystone Ins. Co., 595 A.2d 1 (Pa.1991); Glockel v. State Farm Mut. Auto. Ins. Co., 400 N.W.2d 250 (Neb.1987). These cases, however, all involved deliberate misrepresentations by the insureds in the application process, not bounced checks.
 
 
 6
 Turning to the treatises, they indicate a general rule that bounced checks do not constitute payments:
 
 
 7
 In the absence of an agreement to the contrary, the delivery of a check to an insurer and its acceptance thereof is not payment of the debt until the check itself has been paid. Thus the mere giving or sending of a worthless check to the insurer does not effect the payment of a premium; the result being, if such check is given for the first premium, that coverage never goes into effect....
 
 
 8
 14A John A. Appleman, Insurance Law and Practice Sec. 8144 (1985) (citations omitted); see also 6 George J. Couch, Cyclopedia of Insurance Law Sec. 31:44 (2d ed. 1985). The same treatises also indicate, however, that the effect of a bounced check on an insurance policy should be judged in light of all the circumstances:
 
 
 9
 In contradiction to the preceding cases, one court stated that if an insurer accepts a check in payment of a premium, the transaction constitutes a "payment" even if the check is dishonored on presentation. Certainly, the parties may, by either express agreement or an agreement implied from the circumstances, consider a check as accepted as absolute payment in satisfaction of the original demand. Moreoever, an insurer may pursue a course of conduct which would estop it from denying that it accepted a check or draft unconditionally as payment.
 
 
 10
 The intermediate doctrine has been laid down that the mere receipt of a check will not prevent a forfeiture for the nonpayment of a premium, but if the insurer accepts a check as payment of a due premium and issues its official receipt evidencing payment, the insurer thereby waives its right to declare a forfeiture of the policy even though the check is dishonored by the bank.
 
 
 11
 Appleman Sec. 8144 (citations omitted).
 
 
 12
 Further, Couch also indicates that advance payment of a premium is not necessarily a condition precedent to the formation of an insurance contract:
 
 
 13
 While the premium is essential to the formation of the contract of insurance ... payment of the premium in advance or at the time of contracting is not essential in the absence of provisions to the contrary found in a statute, or in the insurer's charter or bylaws, or imposed by the terms of bargaining.
 
 
 14
 Whether payment of the initial premium or of subsequent premiums must be made in advance as a condition precedent to the existence of the insurer's obligation depends on the terms of the insurance contract.
 
 
 15
 Couch Sec. 31:10 (emphasis added). In light of these concepts, we now turn to the terms of the insurance contract, to determine whether Davis' payment was a condition precedent to the existence of Criterion's obligation to provide coverage.
 
 
 16
 Criterion refers to the language in Davis' original application for insurance, dated September 19, 1993, which stated, directly above her signature: "I also agree that if my premium remittance is not honored by the bank, no coverage will exist." This language would clearly indicate that Davis' payment was a condition precedent to Criterion's obligation. However, Criterion successfully argued below that Davis' disputed policy is a new one, not a renewal of the earlier one. Accordingly, this language from the application for the earlier, canceled policy, is irrelevant to the present question. We thus turn to the provisions of the new contract and application.
 
 
 17
 Criterion provides some evidence of an indication to Davis that her new policy, like her original policy, would not provide coverage if her check bounced. On January 12, 1993, when Davis tendered her check for payment of her new policy, she was given a receipt that stated: "Checks, drafts and money orders are accepted subject to collection only." The "account information and premium statement" that was mailed to her a week later, on January 20, likewise stated: "All coverage is conditional upon payment of premium. Checks, drafts and money orders are accepted subject to collection." This language certainly supports Criterion's position, as it indicates that the check's clearing was a condition precedent to coverage. It is not dispositive, however, in light of other language on the receipt given to Davis.
 
 
 18
 Immediately following the above quote, the January 20 account information and premium statement continues: "A service fee of ten dollars ($10.00) will be added to your account if your check is not honored by your bank." This language clearly signals that the penalty incurred for bouncing a check is a ten-dollar fee, not an absence of insurance coverage. Thus, the facts of this case favor Davis even more strongly than the "intermediate doctrine" described by Appleman, wherein "if the insurer accepts a check as payment of a due premium and issues its official receipt evidencing payment, the insurer thereby waives its right to declare a forfeiture of the policy even though the check is dishonored by the bank." Appleman Sec. 8144. In this case, not only did Criterion issue an official receipt, it then sent a premium statement suggesting that a bounced check would not result in loss of coverage. "Ambiguities must be resolved against the insurer." Starry v. Horace Mann Insurance Co., 649 P.2d 937, 939 (Alaska 1981). Under these circumstances, we hold that the honoring of Davis' check was not a condition precedent to Criterion's provision of insurance. Accordingly, we hold that there was coverage until cancellation. Criterion could have protected against the risk of an insurance buyer getting coverage without paying for it by just using the same language it had used in its September 19, 1993 application. We next turn to whether Criterion provided adequate notice before cancelling Davis' policy.
 
 
 19
 Criterion failed to provide adequate notice before cancelling Davis' policy. First, Alaska's 20-day notice requirement for cancellation does not exempt policies that have been in effect less than 60 days. See Alaska Stat. Sec. 21.36.220. Criterion argues that we should read such an exemption in, however, based on the fact that a 60-day exception applies to another Alaska insurance code provision, Alaska Stat. Sec. 21.36.210 (limiting the reasons for which an insurer can cancel a personal automobile insurance policy). We need not address this (improbable) argument at length, however, because the policy itself contains a 20-day notice provision:
 
 6. CANCELLATION BY US
 
 20
 We may cancel this policy by mailing to you, at the address shown in this policy, written notice stating when the cancellation will be effective.
 
 We will mail this notice:
 
 21
 (a) 20 days in advance if the proposed cancellation is for non-payment of premium....
 
 CONCLUSION
 
 22
 For the foregoing reasons, we reverse the summary judgment in favor of Criterion and remand to the district court with directions to enter summary judgment in favor of Davis.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3